

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 8979 | DATE | 7/31/2003 |
| CASE TITLE | SEYMOUR MANDEL vs. SCI ILLINOIS SERVICES INC., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court grants the defendant's motion to compel arbitration pursuant to section 3 of the FAA[7-1, 7-2]. This case is hereby dismissed without prejudice with leave to reinstate after arbitration.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | AUG 1 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 11 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TBK | courtroom deputy's initials | date mailed notice | |
| | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEYMOUR MANDEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Judge Ronald A. Guzman |
| SCI ILLINOIS SERVICES, INC., JAMES S. FORD, ANTHONY LOCOCO, | ) 02 C 8979 ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Seymour Mandel has filed a four-count Complaint against SCI Illinois Services ("SCI"), James S. Ford ("Ford"), and Anthony Lococo ("Lococo"). Mandel claims that SCI violated the Age Discrimination in Employment Act ("ADEA") and that all defendants violated the Family Medical Leave Act ("FMLA") and intentionally inflicted emotional distress on Mandel. Before the Court is the defendants' motion to dismiss the Complaint and to compel arbitration of Mandel's claims pursuant to section 3 of the Federal Arbitration Act ("FAA"). For the reasons provided in this Memorandum Opinion and Order, the Court compels arbitration of Mandel's claims and dismisses the case without prejudice with leave to reinstate after arbitration.

# FACTS

In March 1995, SCI purchased a funeral home chapel of which Mandel was a part-time owner and managing partner. (Compl. ¶ 14.) In connection with this purchase, Mandel entered into a ten-year employment agreement ("Agreement") with SCI. (*Id.*) This employment agreement contains a clause governing Dispute Resolution. (Mot. Dismiss, Ex. A, Employment Agreement § 21.) This clause contains three relevant provisions. First, the clause provides that "any and all dispute [sic] among the parties to this Agreement arising out of or in connection with the interpretation, performance, or nonperformance of this Agreement shall be solely and finally settled by arbitration ...." (*Id.*) Secondly, the clause provides that:

> The arbitrator shall decide the issues submitted to him or her in accordance with (i) the provisions and purposes of this Agreement, and (ii) what is just and equitable under the circumstances, provided that all substantive questions of law shall be determined under the laws of the State of Illinois (without regard to its principles of conflicts of laws).

(*Id.*) Finally, the Agreeement states: "The arbitrator shall divide all costs incurred in conducting the arbitration in his finial award in accordance with what he deems just and equitable under the circumstances." (*Id.*)

In March 2001, Mandel had knee-replacement surgery. (Compl. ¶ 32.) As a result of this surgery, Mandel was required to take time off from work to recover from the surgery and attend physical therapy sessions. (*Id.* ¶ 34.) Mandel's employment was terminated after he was unable to return to work. (*Id.* ¶ 44.) Mandel alleges that the true reason for his discharge was his age. (*Id.* ¶ 24.) Mandel also alleges that by firing him, defendants violated the FMLA because Mandel's condition was a serious health condition under the FMLA and his absence from work was protected by the FMLA. (*Id.*

¶¶ 33, 42.) Finally, Mandel alleges that defendants discharged him because he attempted to exercise his rights under the FMLA (*id.* ¶ 46) and that the defendants intentionally inflicted emotional distress upon Mandel (*id.* ¶¶ 50-54).

Defendants argue that Mandel's claims fall within the arbitration clause of the Employment Agreement. (Def.'s Mem. Supp. Mot. Dismiss, at 4.) Defendants filed a motion to dismiss the complaint and compel arbitration of Mandel's claims. (*Id.*, at 1.)

## DISCUSSION

Under the Federal Arbitration Act, federal courts must compel arbitration of proceedings if any of the issues are "referable to arbitration under an agreement in writing for such arbitration" so long as the court is "satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement." 9 U.S.C. § 3 (West 2003). When interpreting an arbitration agreement, a court must resolve any doubts concerning the scope of the agreement in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Arbitration should be compelled "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960). However, because arbitration is a matter of contract between parties, a court cannot require a party to arbitrate issues that are not covered by the agreement. *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002).

The dispute resolution clause in Mandel's employment contract provides that all

3

disputes arising out of or in connection to the agreement shall be resolved by arbitration. In *Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress International, Ltd.*, the Seventh Circuit interpreted a similar arbitration agreement that provided that "all disputes 'arising out of' the [a]greement" shall be resolved by arbitration. 1 F.3d 639, 642 (7th Cir. 1993) . In interpreting this contractual language, the court held that the phrase "'arising *out of*' reaches all disputes having their origin or genesis in the contract." *Id.* at 642 (emphasis in original).

Moreover, in *Matthews v. Rollins Hudig Hall Co.*, the Seventh Circuit faced the issue of whether an ADEA claim was governed by an arbitration contract providing that any claim relating to a breach of the agreement was governed by arbitration. 72 F.3d 50, 52-54 (7th Cir. 1995). The court reasoned that an employer's termination of an employee based on age was a violation of the employment agreement because age was not a valid cause for termination. *Id.* at 54. Therefore, the court concluded that plaintiff's claim was "related" to a breach of the employment agreement and thus was governed by the contract's arbitration clause. *Id.*

Like the claims in *Sweet Dreams Unlimited* and *Matthews*, all of Mandel's claims arise out of and are related to the Employment Agreement. The Court sees no meaningful difference between the "related to" language in *Matthews* and the "in connection with" language in the instant case. Mandel's claims are based upon an allegedly improper discharge from work. Mandel's claims have their "origin or genesis" in his employment contract because had Mandel not been employed by the defendants, none of his claims would have existed. Further, all of Mandel's claims arise out of the same facts and relate to the true reason for Mandel's termination. As a result, this Court

4

holds that Mandel's claims are governed by the arbitration clause.

Mandel does not contest the fact that his claims arise out of his employment contract. Instead, he argues that the contract's choice of law provision, which provides that all substantive question of law shall be determined under the laws of the State of Illinois, precludes arbitration of Mandel's federal statutory claims. (Pl.'s Mem. Opp'n, at 1-2. Mandel contends that this choice-of-law provision shows that the parties did not intend for the arbitration clause to govern federal causes of action. (*Id.* at 4.)

It is true, as Mandel notes, that the purpose of the Federal Arbitration Act is to ensure the enforceability of private contractual agreements. *See Shearson/American Express, Inc.* v. *McMahon*, 482 U.S. 220, 225-28 (1987). However, state courts are required to entertain federal causes of action due to the Supremacy Clause of the United States Constitution. *Howlett v. Rose*, 496 U.S. 356, 367 (1990). As the Supreme Court noted in *Howlett v. Rose*, "The Supremacy Clause makes [federal] laws the supreme Law of the Land, and charges state courts with a coordinate responsibility to enforce that law according to their regular modes of procedure." *Id.* (internal quotations omitted). State courts entertain federal causes of action on a regular basis. Therefore, the fact that the Agreement in this case contains a choice-of-law provision mandating that the arbitrator apply the substantive law of Illinois does not mean that the parties intended the arbitration clause to govern only state-law causes of action. Instead, this provision merely tells the arbitrator what substantive law to apply to state law claims. *See Volt Info. Scis., Inc.* v. *Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 488 (1989) (Brennan, J., dissenting) ("the normal purpose of such choice-of-law clauses is to determine that the law of one State rather than that of another State will be applicable;

they simply do not speak to any interaction between state and federal law"); *see also Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 59-60 (1995) (upholding arbitrator's award of punitive damages, even though arbitration contract provided laws of the state of New York would govern and New York did not permit punitive damages for claim in that case).

Moreover, both the ADEA and the FMLA authorize state courts to exercise jurisdiction over these federal claims. The ADEA provides for a civil remedy in "any court of competent jurisdiction" and does not restrict jurisdiction to federal courts. 29 U.S.C. § 626(c)(1); *see Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 757 (1979) (noting that ADEA permits concurrent state and federal administrative jurisdiction in order to expedite processing of age-discrimination claims). The FMLA provides that an action to recover damages may be maintained in "any Federal or State court of competent jurisdiction." 29 U.S.C. § 2617(a)(2). Because state courts are authorized to entertain ADEA and FMLA claims, this Court holds that the choice-of-law provision in Mandel's arbitration agreement does not preclude arbitration of Mandel's federal claims.

Mandel also argues that the provision's fee agreement conflicts with federal law. (Pl.'s Mem. Opp'n, at 4.) Mandel contends that the fee provision, which provides that the arbitrator "shall divide all costs incurred in conducting the arbitration in his final award in accordance with what he deems just and equitable under the circumstances" (Mot. Dismiss, Ex. A, Employment Agreement § 21), conflicts with the provisions of the federal acts which provide that reasonable fees and costs shall be awarded to a prevailing plaintiff. 29 U.S.C § 216(b); 29 U.S.C. § 2617(a)(3). Because the arbitration clause does not provide for the mandatory recovery of fees and costs, Mandel believes that it

conflicts with the remedial and deterrent goals of these statutes and is therefore unenforceable. (Pl.'s Mem. Opp'n, at 4-5.)

Although it is true that the arbitration agreement does not provide for the mandatory recovery of fees, it does not prevent Mandel from being able to recover fees and costs. It provides that the arbitrator shall divide fees in a manner that is "just and equitable." If Mandel prevails in his case, it may be "just and equitable" for the arbitrator to award these fees to Mandel. Moreover, as noted earlier, the arbitration agreement requires the arbitrator to follow the laws of the State of Illinois, and federal laws such as the ADEA and FMLA are incorporated within the laws of Illinois. Accordingly, the arbitrator will be bound to follow the provisions of the ADEA and FMLA that require fees and costs to be awarded to Mandel, just as he will be bound by the other provisions of these statutes. As a result, there is no conflict between the arbitration agreement and federal law.

Mandel's reliance on *McCaskill v. SCI Management Corp.*, 285 F.3d 623, 626 (7th Cir. 2002), is misplaced. First, the opinion on which he relies has been vacated. 294 F.3d 879 (7th Cir. 2002). On rehearing, the court relied on an admission at oral argument that the arbitration clause at issue, which could be construed so that the employee could not recover costs even if she prevailed in an action, was unenforceable. 298 F.3d 677, 680 (7th Cir. 2002). Accordingly, the court did not address the issue whether Title VII's fee-shifting provisions would override an arbitration agreement to the contrary. *Id.* In addition, the arbitration agreement in *McCaskill* is distinguishable from the one in this case. In *McCaskill*, each party was required to pay for the fees and costs incurred in the arbitration, regardless of the outcome. *Id.* Unlike that arbitration clause, Mandel's

7

agreement requires the arbitrator to divide costs in a manner just and equitable under the circumstances. *Graham Oil Co. v. ARCO Prods. Co.*, 43 F.3d 1244 (9th Cir. 1995), which Mandel also cites, is distinguishable for the same reason. Because the fee-provision in Mandel's arbitration agreement does not conflict with the fee-shifting provisions of the ADEA and the FMLA, the Court holds that the arbitration clause is valid and enforceable.

## CONCLUSION

For the reasons set forth above, the Court grants the defendant's motion to compel arbitration pursuant to section 3 of the FAA [doc. nos. 7-1, 7-2]. This case is hereby dismissed without prejudice with leave to reinstate after arbitration.

**SO ORDERED**  ENTERED: 7/31/03

HON. RONALD A. GUZMAN
United States Judge